ORIGINAL

2254 1983
FILING FEE PAID
Yes ___ No ✓
IFP MOTION FILED
Yes ___ No ✓
COPIES SENT TO
Court ✓ ProSe ___

FILED
JUL 22 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

NAME Jimenez, Jose

PRISON NUMBER F06756

CURRENT ADDRESS OR PLACE OF CONFINEMENT 03-208
P.O BOX 2199

CITY, STATE, ZIP CODE Blythe C.A 92226

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Jose, Jimenez,
(FULL NAME OF PETITIONER)

PETITIONER

v.

DEBRA DEXTER, WARDEN, ETAL,
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS])

RESPONDENT

and

The Attorney General of the State of California, Additional Respondent.

Civil No '08 CV 1322 DMS BLM
(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

**PETITION FOR WRIT OF HABEAS CORPUS**

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack: Superior Court of California San Diego County
2. Date of judgment of conviction: 8/10/2005
3. Trial court case number of the judgment of conviction being challenged: Case No. SCD 187538
4. Length of sentence: 11 years





CR

5. Sentence start date and projected release date: 12/14/2005 – 10/20/2015

6. Offense(s) for which you were convicted or pleaded guilty (all counts):
2nd Degree Robbery

7. What was your plea? (CHECK ONE)
   (a) Not guilty ☑
   (b) Guilty ☐
   (c) Nolo contendere ☐

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
   (a) Jury ☑
   (b) Judge only ☐

9. Did you testify at the trial?
☑ Yes ☐ No

**DIRECT APPEAL**

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
☑ Yes ☐ No

11. If you appealed in the **California Court of Appeal**, answer the following:
   (a) Result: Denied
   (b) Date of result (if known): 6/18/07
   (c) Case number and citation (if known): D047639
   (d) Names of Judges participating in case (if known):
   Kerry Wells
   (e) Grounds raised on direct appeal:

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:
   (a) Result: Denied
   (b) Date of result (if known): Sept 25, 2007
   (c) Case number and citation (if known): No. D047639
   (d) Grounds raised:

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:
    (a) Result:
    (b) Date of result (if known):
    (c) Case number and citation (if known):
    (d) Grounds raised:

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?
    ☐ Yes ☑ No

15. If your answer to #14 was "Yes," give the following information:
    (a) **California Superior Court** Case Number (if known):
    (b) Nature of proceeding:
    (c) Grounds raised:
    (d) Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes ☐ No
    (e) Result:
    (f) Date of result (if known):

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?
    ☐ Yes ☑ No

**17.** If your answer to #16 was "Yes," give the following information:

(a) **California Court of Appeal** Case Number (if known):

(b) Nature of proceeding:

(c) Names of Judges participating in case (if known)

(d) Grounds raised:

(e) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes ☐ No

(f) Result:

(g) Date of result (if known):

**18.** Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
☐ Yes ☑ No

**19.** If your answer to #18 was "Yes," give the following information:

(a) **California Supreme Court** Case Number (if known):

(b) Nature of proceeding:

(c) Grounds raised:

(d) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes ☐ No

(e) Result:

(f) Date of result (if known):

**20.** If you did ***not*** file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court**, containing the grounds raised in this federal Petition, explain briefly why you did not:

Limeted time to File ran out.

## COLLATERAL REVIEW IN FEDERAL COURT

**21.** Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
☑ Yes ☐ No (IF "YES" SKIP TO #22)

(a) If no, in what federal court was the prior action filed?
(i) What was the prior case number?
(ii) Was the prior action (CHECK ONE):
Denied on the merits? ☐
Dismissed for procedural reasons? ☐
(iii) Date of decision:

(b) Were any of the issues in this current petition also raised in the prior federal petition?
☐ Yes ☐ No

(c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
☐ Yes ☐ No

---

**CAUTION:**

- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present ***all*** other grounds to the California Supreme Court before raising them in your federal Petition.
- **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.
- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

---

## GROUNDS FOR RELIEF

22. **State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground.** (e.g. what happened during the state proceedings that you contend resulted in a violation of the constitution, law or treaties of the United States.) If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

(a) **GROUND ONE**: Robbery Conviction with out sufficient evidence Deprive petitioner of Due Process of Law under the Fourteenth Amendment.

**Supporting FACTS**:

See Attached pages (1 to 3)

**Did you raise GROUND ONE in the California Supreme Court?**

☑ Yes ☐ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): Petition for Review

(2) Case number or citation: No. D047639

(3) Result (attach a copy of the court's opinion or order if available):
Denied.

Supporting Facts - Ground One (1 of 3)

In assessing sufficiency of the evidence, the court must determine wether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Jackson v. Virginia (1979) 443 U.S 307, 317 [99 S. ct 2781, 61 L. Ed. 2d 560]; also see, people v. Mosher (1969) 1 Cal. 3d 379, 395; people v. Green (1980) 27 Cal 3d 1.55)

The claim of insufficiency of the evidence is subject to the novo review under this deferential standard. The state is not held to the standard of showing that its evidence necesarily excludes all reasonable hypotheses consistent with petitioner's claim of innocense (United States v. Bishop (9th Cir 1992) 959 F. 2d. 830)

The court of Appeal held there was substantial evidence showing demand for property. The Appellate court rejected as unimportant the fact that

Sanchez testified that at no time during his interview on the night of the incident, his testimony at the Juvenile court hearing or at the preliminary hearing in this case did Sanchez mention that any of the males demanded a hat that day. At trial Sanchez testified that he did not know wether one of the three males grabbed his baseball cap or if the hat fell off during the altercation.

Finally, when interviewed by arresting officer Sergeant Larmour immediatly after the incident the first words out of Sanchez mouth were not that he had been robbed, but that he had been assaulted "Jumped!" Signifficantly he did not tell Larmour that he had been mugged or robbed.

Sanchez hat falling off during the altercation and later being taken by one of the three men does not constitute robbery. Examination of the entire record, particularly the above testimony of both witnesses Danny Sanchez and

(3 OF 3)

arresting officer Sergeant Larmour, demonstrate the lack of evidence that Petitioner commited the offence of robbery

In Jackson v. Virginia, supra, 443 U.S at pp. 313-32, the united states Supreme court held that the due process clause of the Fourteenth Amendment is violated by conviction of a crime with out sufficient evidence and each element has been proven beyond a reasonable doubt.

In the instant case, for the reasons set forth above, petitioner was convicted of robbery with out sufficient evidence. Petitioners conviction was violative of his constitutional right to due process of law, His conviction must be reversed.

(b) **GROUND TWO**: Trial Courts instructions concerning the shifting of the burden of proof to the defense was violative of petitioners Federal and state Constitutional rights to a fair trial under the

**Supporting FACTS**: Fifth and Fourteenth Amendment

See Attached pages (1 to 11)

**Did you raise GROUND TWO in the California Supreme Court?**

[✓] Yes [ ] No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): petition For Review

(2) Case number or citation: No D047639

(3) Result (attach a copy of the court's opinion or order if available): Denied

Supporting Facts - Ground Two (1 of 11)

To prevail on a claim of prosecutorial misconduct based on comments to the Jury, the defendant must demonstrate a reasonable likelihood the Jury understood or applied the complained-of comments in an erroneous or improper manner. (People v. Berryman (1993) 6 Cal. 4th 1048, 1072; People v. Clair (1992) 2 Cal. 4th 629, 662-663.) A reviewing court does not infer lightly that the Jury drew the most damaging meaning rather than the least damaging meaning from the remarks of the prosecutor. (People v. Howard (1992) 1 Cal. 4th 1132, 1192; People v. Frye (1998) 18 Cal 4th 894, 970.)

The Prosecutor Impermissibly shifted the burden of proof during closing Argument.

The appellate court found no error, concluding that Carlos or his mother would have been logical witnesses to corroborate Jose's testimony that petitioner had just left Carlos apartment and was waiting for a ride from his

brother. The appellate court characterized the prosecutor's comments as merely a comment on the weakness of the case and defense and contrary to the facts set forth above, the appellate court found the comments did not suggest the defense had the burden of proof. The actual comments of the prosecutor do not support the conclusion of the Court of Appeal.

The prosecutor clearly shifted the burden of proof during closing argument. Counsel for petitioner immediatly objected to this argument.

MR. JIMENEZ [SIC]: And so, ladies and gentlemen, what the defense who, it's a very strong defense. Defense attorneys are doing their job. Jose Jimenez attorney presented some evidence for you. Jose testified. And if Jose's testimony is the truth, that he was not in that car. He was somewhere else at the time. He

(3 OF 11)

was over here with Carlos an Carlo's mom.

Now, there was a failure to call logical witnesses in this case. Why? If Jose Jimenez has an alibi that puts him out of the car, that can, that has damning evidence of his guilt and of his brothers guilt, why didn't we hear from Carlos?

MR. SCOTT: Object to burden shifting.

THE COURT: I'm sorry?

MR. SCOTT: I object as burden is shifting. Calls for conflict with the jury's instruction.

THE COURT: Failure to call logical witnesses is overruled. That's fair comment.

MR. ESPINOSA: Why didnt we hear from carlos mom who was right

there. They know where she lives. Why? We didnt hear from them, ladies and gentlemen, because this tale from Jose Jimenez was fabricated, because you have the evidence that shows where he was, where his brother was, where his cousin was, and where his cousin's brother was. They where in that white car flashing the gang signs. They stopped. They got out and confronted him. That's the reason why, ladies and gentlemen the defense failed to call logical witness. If that to be true - and you have this instruction called witnesses willfully false. I argue to you that appltes in this case.

That applies to the testimony of Jose Jimenez who took the stand to cover up the bad stuff for him and the bad stuff for his brother. And it makes no sense. Its you know corroborated [sic] And its not supported by the evidence

(5 OF 11)

that you heard. And any potential
evidence out there that could have
gave it any weight aside from the
words of a man charged along
with his brother and a man who
is a convicted felon stands alone.
It stands alone because its just
invented out of thin air. (2RT 340-341)

Counsel for petitioner expanded on his objection after jurors had been finally instructed:

MR. SCOTT: Could I put one more thing? I want to complete the records as to my objection about burden of theft [sic]

THE COURT: You want to add due process?

MR. SCOTT: Your honor knows me like a book. In fact, I do. Just wanted to make my objection more specific. Im looking at CALJIC 2.11

where it says that neither side is required to call all witness who may have been present at the event or may have some knowledge. And I just think that argument is contrary to the law as given to the jury. And, more over, in a criminal case it does shift the burden to the defense to produce witnesses, which I would argue is required in any event whether he testifies, whether you don't testify. So what I would ask in terms—and I constitutionalize due process and due clause and Sixth Amendment. And specifically I ask remedy of either mistrial, or that the jury be instructed that argument was incorrect and that they should refer to CALJIC 2-11 for the correct statement on that particular issue. So one of those two remedies.

The trial court commented she was

(7 OF 11)

fairly familiar with this case law and that it was clear that the prosecutors argument was fair comment on the failure to call logical witnesses. (2RT. 350) The motion for mistrial or to further instruct the jury was denied: "They have been given the proper instructions on the burden. It does not shift the burden. But if there was a logical witness that could have been called, it is fair comment."

Inadequatly addressed by the appellate court is the fact that there is not merely a reasonable likelihood that the jury would have understood the prosecutor's remarks to shift the burden of proof to the defense, we know from the jury's question the following day that jurors did have a question about the issue of burden shifting. The day after begining deliberations, jurors asked the question, "Are we allowed to draw inferences from the lack of a witness testifying?" (1CT 91; 2RT 351.) Counsel for petitioner

objected to the proposed response drafted by the prosecution and asked the court to instruct that the burden of proof never shifts to the defense, then to reinstruct with CALJIC Nos 2.11 and 2.60

The trial court was concerned that the facts behind the Jurys question were unknown, but because there was a possibility Jurors could be thinking about the defendant, it was appropriate to redirect them to CALJIC 2.60 as a starting place. The court was not inclined to reinstruct Jurors with intruction they already had.

The prosecutor's comments during closing argument, both before and after the trials court overruled defense counsel's objection, clearly suggested the defense had the burden of corrobo-rating petitioner's testimony. Although a prosecutor may comment tha a defendant has not produced any evidence, he or she may not suggest that "a defendant has a duty or burden to produce evidence, or

a duty or burden to prove his or her innocence." (People v. Bradford (1997) 15 Cal. 4th 1229, 1340.) Here the prosecutor crossed the critical line and the trial's court's instructions to jurors following their question did not solve the problem of burden shifting.

Contrary to the holding of the appellate court, the comments of the prosecutor and the response of the trial court to the jury question was not merely "clearing up any instructional confusion." The comments of the prosecutor shifted the burden of proof to the defense in violation of due process principles set forth in In re Winship (1970) 397 U.S. 358, 364) and the instruction by the trial court clarified nothing and essentially confirmed the burden shifting.

Unlike the facts in United States v. Mares (9th Cir. 1991) 940 F. 2d 455, 461, in which jurors were instructed that causel's comments were not evidence and that the defendants were not

required to prove their innocence, no such intructions were given to Jurors after their question during deliberations.

Contrary to the appellate court's conclusion, the argument of the prosecutor in petetioner's case was not a comment on the weakness in the defense theory of the case, but sugges-ted that petitioner not only lied when he testified, but that he had the burden of proving his innocence. Nothing in the trial court's response to the Jurys question countered that suggestion. Unlike the facts in People v. Frye, supra, 18 Cal. 4th at app. 973-974, where the trial court instructed the Jury that the prosecution had the burden of proof on each and every count, that the defendant was presumed innocent until his guilt was proven, and that this presumption placed on the prosecution the burden of proof, proving him guilty beyond a reasonable doubt, the instruction in response to the Jurys question in petitioner's case provided

(11 OF 11)

none of the due process protections mandated by both Federal and state constitutions.

The prosecutor's argument strongly suggested petitioner had a burden of proof which he failed to carry. There is not only a reasonable likelihood that Jurors would have understood the prosecutor's argument as imposing any burden on defendant, we know from the Jurors question concerning this issue that they did understood the prosecutor's argument as imposing a burden on petitioner.

(c) **GROUND THREE**: Prosecution's Failure to disclose pre-trial Discussions with witness Danny Sanchez about Potential Economic benefits and other assistance Violated Petitioner Due Process Rights under the

**Supporting FACTS:** Fourteenth Amendment as well as his sixth Amendment Right of Confrontation.

See attached pages (1 to 8)

**Did you raise GROUND THREE in the California Supreme Court?**

☑ Yes ☐ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): Petition For Review

(2) Case number or citation: No. D047639

(3) Result (attach a copy of the court's opinion or order if available):
Denied

Supporting Facts - Ground 3 (1 of 8)

Prosecutors have a special duty to promote justice and the ascertainment of truth. (People v. Kasim (1997) 56 Cal. App. 4th 1360, 1378)

It is a long and clearly established rule that the suppression of evidence at issue is material either to guilt or punishment. (Brady v. Maryland (1963) 373 U.S. 83, 87.) This duty extends to evidence which appears reasonable favorable to the defense, not merely to evidence which appears like to affect the verdict. The trials court's belief that pre-trial discussions did not constitute an inducement to testify that would trigger disclosure reveals a misunderstanding by the court of the duty to disclose as well as the proper standard by which to evaluate the duty to disclose.

The prosecution is not to decide what may or may not be favorable to the defense. Contrary to the discussion of the appellate court, the issue

(2 of 8)

whether disclosure of pre-trial discussions concerning benefits actually induced testimony is not determinative on the issue. The issue is whether there were such discussions, and if the answer is in the affirmative, then the discussions must be disclosed to defense councel.

Testimony of Trial Counsel Scott:

On August 29, 2005, Scott saw Sanchez at Horton Plaza at about 4:00 pm. When Sanchez called out to him, Scott walked over and shook Sanchez hand. When Sanchez asked how the case had turned out, Scott told him both defendants had been convicted.

Sanchez asked Scott about the DA'S phone number and when asked why, Sanchez initially said, "I want to follow up on my, you know, benefits." When asked, "what kind of benefits," Sanchez said there was some kind of program which he thought was maybe helping him relocate, find a Job, or Just

(3 of 8)

help him get back on his feet. When Scott asked, "what do you think these benefits were about" Sanchez replied, "because I was a witness."
Scott was not prepared to say under oath that Sanchez had said "testifying"
When Scott left Sanchez, he ran into a colleague, attorney Lemon, and asked Lemon to come with him to see if Sanchez would repeat what he said. Scott and Lemon walked to where Sanchez was located, but Sanchez refused to explain to Lemon what he had said about witness benefits.
Sanchez just said he would call Scott.
Scott told Lemon what Sanchez had said and then prepared a declaration the following morning.

Had Scott known of benefits to Sanchez, he would have cross-examined Sanchez extensively on such benefits. It does not matter whether failure to disclose such evidence is due to

(4 of 8)

bad or good faith of the prosecution (Ibid; People v. Kasim, supra, 56 Cal. App. 4th at p. 1380; In re Ferguson, Supra, 5 Cal. 3d at p. 532) Due process is abridged whether suppression was intentional or inadvertent. (People v. Jackson (1991) 235 Cal. App. 3d 1670, 1676)

Suppression of favorable evidence by the prosecution is violative of an accused's due process protections under the Fourteenth Amendment. (Giglio v. United States (1972) 405 U.S. 150, 154; In re Lessard (1965) 62 Cal. 2d 497, 508; In re Imbler (1963) 60 Cal. 2d 554, 567-570.) In California, the prosecution has a statutory duty under section 1054.1, Subdivision (e) to disclose any exculpatory evidence.

Evidence relating to the credibility of a material witness encompassed within the prosecution's duty to disclose evidence favorable to an accused. (People v. Ruthford (1975) 14 Cal. 3d 399, 406 overruled on other grounds, In re Sassounian (1995) 9 Cal. 4th

(5 of 8)

535, 545-556) it is the mere discussion of benefits, and not wether such benefits are actually accepted by the witness, that the prosecution must disclose to the defense. (People v. Westmoreland (1976) 58 Cal App. 3d 32, 47)

When exculpatory evidence is not disclose to the defense, the conviction must be reversed even in the absence of a request for such evidence by counsel for an accused (People v. Ruthford, supra, 14 Cal. 3d at p. 406; In re Ferguson, supra, 5 Cal. 3d at pp. 532-533)

Prosecution witness Danny Sanchez clearly believed, based on discussions with the prosecution, that he believed he was to receive economic benefits in exchange for his testimony. The scope of the prosecution's duty extends to evidence possessed by investigative agencies to which the prosecution has resonable access. (People v. Robinson (1995) 31 Cal. App. 4th 494, 499;

Engstrom v. Superior Court (1971) 20 Cal. App. 3d 240, 244.) Material subject to disclosure includes information readily accessible to the prosecution and not accessible to the defense. (In re Littlefield (1993) 5 Cal. 4th 122, 135) A prosecutor has the duty to learn of such favorable evidence known to those acting on behalf of the goverment. (Kyles v. Whitley (1995) 514 U.S. 419, 437.)

An accused has a constitutional right to confront and cross-examine the prosecution's witness. (United States v. Brooke (9th Cir. 1993) 4 F.3d 1480.) Failure of the prosecution's to disclose discussions with Sanchez was violative of petitioners due process protections as well as his ~~well~~ right of confrontation. Contrary to the standard set forth by the trial court at the time of the ruling on the motion, the issue of whether the failure to disclose such discussions is material depends on "wether there was a reasonable probability of a

(8 of 8)

used by the trial court in evaluating and ruling on the motion for new trial.

Danny Sanchez was the only prosecution witness to testify about the alleged robbery. No other witnesses corroborated the testimony of Sanchez, making his credibility a crucial issue at trial-credibility that was not thoroughly tested because the prosecution failed to disclosed pre-trial discussions about benefits. The question is not whether petitioner would more likely than not received a different verdict, but wether in the absence of this evidence, he received a fair trial which is understood as a trial resulting in a verdict worth of confidence. (see Kyles v. Whitley, Supra, 514 U.S at p. 434.) Suppression of pre-trial discussions with Sanchez about benefits deprived petitioner of a fair trial as well as the right to confrontation guaranteed by both Federal and state Constitutions. The Conviction must be set aside.

different result had the evidence been disclosed. (United States v. Bagley (1985) 473 U.S. 667, 682; People v. Kasim, supra, 56 Cal. App. 4th at p. 1381.)

What the prosecution did by with-holding the information about discussions with Sanchez about benefits - discussions which constituted substantial material evidence bearing on the credibility of the key goverment witness - not only trivialized the search for truth, it rendered it meaningless. Suppression of this information was a denial of the rights to confrontation as well as a denial of due process within the meaning of the Fourteenth Amendment. This error, not attributable to error by the trial court, is judged by its prejudicial effect and wether an acussed is entitled to relief.

An accused is entitled to relief is such circumstances unless the reviewing court can declare a belief that the denial "was harmless beyond a reasonable doubt." (Chapman v. California (1967) 386 U.S. 18, 24.) That was not the standard

(d) **GROUND FOUR**:

**Supporting FACTS**:

**Did you raise GROUND FOUR in the California Supreme Court?**

☐ Yes ☐ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition):

(2) Case number or citation:

(3) Result (attach a copy of the court's opinion or order if available):

**23.** Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
☐ Yes ☑ No

**24.** If your answer to #23 is "Yes," give the following information:

(a) Name of Court:

(b) Case Number:

(c) Date action filed:

(d) Nature of proceeding:

(e) Name(s) of judges (if known):

(f) Grounds raised:

(g) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes ☐ No

**25.** Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing ........ Timothy A. Scott
433 G street, Suite 202
San Diego, C.A 92101

(b) At arraignment and plea ........

(c) At trial ..................... "Timothy A Scott"

(d) At sentencing ................ " Timothy A. Scott"

(e) On appeal .................. *Elizabeth A. Missakian
P.O Box 33368
San Diego, California 92163

(f) In any post-conviction proceeding . "Timothy A. Scott"

(g) On appeal from any adverse ruling in a post-conviction proceeding: "Timothy A Scott"

**26.** Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
☐ Yes ☑ No

**27.** Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
☐ Yes ☑ No

(a) If so, give name and location of court that imposed sentence to be served in the future:

(b) Give date and length of the future sentence:

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
☐ Yes ☐ No

**28.** Consent to Magistrate Judge Jurisdiction

In order to insure the just, speedy and inexpensive determination of Section 2254 habeas cases filed in this district, the parties may waive their right to procced before a district judge and consent to magistrate judge jurisdiction. Upon consent of all the parties under 28 U.S.C. § 636(c) to such jurisdiction, the magistrate judge will conduct all proceedings including the entry of final judgment. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to consent to a magistrate judge as it will likely result in an earlier resolution of this matter. If you request that a district judge be designated to decide dispositive matters, a magistrate judge will nevertheless hear and decide all non-dispositive matters and will hear and issue a recommendation to the district judge as to all dispositive matters.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including the entry of final judgment, by indicating your consent below.

Choose only one of the following:

☑ Plaintiff consents to magistrate judge jurisdiction as set forth above.

**OR**

☐ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

**29.** Date you are mailing (or handing to a correctional officer) this Petition to this court:

7/18/08

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

July 10, 2008 — Jimenez, Jose

(DATE) SIGNATURE OF PETITIONER

JS44

(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

2254 ✓ 1983

FILING FEE PAID Yes ___ No ✓

IFP MOTION FILED Yes ___ No ___

COPIES SENT TO Court ___ Pro Se ___

FILED JUL 22 2008 CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA BY [signature] DEPUTY

I (a) PLAINTIFFS

**Jose Jimenez**

DEFENDANTS

**Debra Dexter**

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Riverside
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

**Jose Jimenez**
**PO Box 2199**
**Blythe, CA 92226**
**F-06756**

ATTORNEYS (IF KNOWN)

'08 CV 1322 DMS BLM

II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX (For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

**28 U.S.C. 2254**

V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

**CONTRACT**
- ☐ 110 Insurance
- ☐ Marine
- ☐ Miller Act
- ☐ Negotiable Instrument
- ☐ 150 Recovery of Overpayment &Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153Recovery of Overpayment of Veterans Benefits
- ☐ 160 Stockholders Suits
- ☐ Other Contract
- ☐ 195 Contract Product Liability

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury- Medical Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

LABOR
- ☐ 710Fair Labor Standards Act
- 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc.
- ☐ Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

SOCIAL SECURITY
- ☐ 861 HIA (13958)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reappointment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities Exchange
- ☐ 875 Customer Challenge 12 USC
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State
- ☐ 890 Other Statutory Actions

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectmant
- ☐ 240 Tort to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☒ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights

VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding ☐ 2 Removal from State Court ☐ 3 Remanded from Appelate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

VII. REQUESTED IN COMPLAINT: ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 DEMAND $ Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO

VIII. RELATED CASE(S) IF ANY (See Instructions): JUDGE Docket Number

DATE 7/22/2008 ~~SIGNATURE OF ATTORNEY OF RECORD~~ R-Mulley

CR